## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**RONALD C. HILL,**<br>　　　　　　　**Defendant.** | Crim. No. 17-346 (KM)<br><br>**MEMORANDUM & ORDER** |

Mr. Hill has filed another letter application (DE 54) in which he again seeks to be given credit on his 120 month sentence for time served in state prison, or alternatively to withdraw his plea. That application is denied for the reasons expressed most completely in a decision filed on August 21, 2020. (DE 44, attached hereto as Exhibit A)

Mr. Hill states that he has now exhausted his administrative remedies within the Bureau of Prisons. If so, his recourse, as he has been advised more than once, is a habeas petition in the district where he is incarcerated (the Western District of Pennsylvania).

### ORDER

**IT IS THEREFORE** this 7th day of June, 2023,

**ORDERED** that the defendant's letter (DE 54), construed as a motion, is **DENIED**. A copy of this Order shall be mailed to the defendant at his address of record.

/s/ Kevin McNulty

_____

**KEVIN MCNULTY, U.S.D.J.**

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 17-346 (KM) |
| **v.** | |
| **RONALD C. HILL,** | **AMENDED ORDER** |
| **Defendant.** | |

Mr. Hill pled guilty, pursuant to Fed. R. Crim. P. 11c)(1)(C), to an agreed sentence of 120 months. On July 22, 2020, the court entered an Order (DE 38) correcting Mr. Hill's judgment of conviction (which stated a sentence of 121 months' imprisonment) to conform to the sentence orally pronounced by the Court (which was 120 months' imprisonment). Mr. Hill has now filed a letter dated July 26, 2020 (DE 40), which the Court has treated as a motion for reconsideration, arguing that his federal sentence should be credited for time spent in state custody, and stating that if such relief is not granted he wishes to withdraw his plea of guilty The government has filed a response. (DE 42)

The government correctly notes that motions for reconsideration are routinely denied on threshold grounds, based on such factors as the defendant's failure to demonstrate new grounds unavailable before, and so on. I choose, however, to bypass those threshold issues.

Mr. Hill states in his motion for reconsideration, as he did in his original motion, that "everything" was supposed to be concurrent. The implication is that I ordered that; in fact I did not. Much of the time previously served, however, was credited in accordance with applicable law.

For clarity, there is agreement that all time served, in whatever institution, since the date of sentencing on March 14, 2018, has been credited

toward Mr. Hill's federal sentence, as the Court intended. The issue arises over credit for time previously served in incarceration.

The Bureau of Prisons ("BOP") credited Hill's federal sentence with time served in New Jersey State custody between September 6 and 7, 2016, and time served in federal custody prior to his sentencing, between December 8, 2017, and March 14, 2018.

The remaining periods at issue, then, are: (a) time served in New Jersey State custody between September 8, 2016, and September 21, 2017; and (b) time served in New York State custody between September 21, 2017, and December 7, 2017. My sentence did not provide for crediting those periods (and crediting them is in any event a function of the BOP). Nor did I order that such periods, already served, would run concurrently with the sentence I was imposing.

As I understand it, however, Hill already received New York State credit for those periods of incarceration. They were credited against his sentences for two New York State parole violations based on failure to report, which were unrelated to the federal or New Jersey State bank robbery charges. (*See* gov't submission and Ex. A, DE 37 & 37-1) Under 18 U.S.C. § 3585(b), credit will be given only for time "that has not been credited against another sentence." Because the relevant periods of state incarceration were credited against another sentence, they would not properly be credited here—again, even assuming that such crediting were a court, as opposed to a BOP, function.

As I found in my prior order, there is no inconsistency between the BOP's calculation and the sentence as imposed by me. (DE 38). The Court (again, even assuming it would have had the power to do so) did not in fact order BOP credit for time served in New York State custody. His Hudson County judgment of conviction for a September 6, 2016 bank robbery—although it ordered concurrent time for the Passaic County and federal time—did not purport to run his sentence concurrent to the New York State parole violation time.

Nor did the Court order that an equivalent result be reached *via* an order of concurrent time. Mr. Hill's counsel requested that his agreed sentence of 120

2

months be reduced to reflect a total of some 18 months of custody previously served in various institutions for various reasons. (DE 31, Sentencing Tr. 7:20) I did not grant that application; I accepted the parties' 11(c)(1)(C) plea agreement and imposed the agreed sentence of 120 months, with no provision for concurrent service. (Sentencing Tr. 16:16–17:5)

Defense counsel requested in the alternative that the Court recommend that defendant initially serve his federal sentence at the Hudson County Jail. Sentencing on a separate, State bank robbery charge was pending at the time, and counsel believed that the State court would credit him at sentencing for all time served in that State institution. I candidly informed counsel that I had no control over what the State court would do, and would make the recommendation, but at the defense's own risk:

> [N]obody should go into this thinking, oh, the Judge said I'll get credit, because I'm not saying that. I don't know that that is the case. Although I am granting your request to recommend a place for service of sentence and the consequences will be what they will be, but nobody should think that they're going to come back with a motion saying that the Judge told me that this would happen but it didn't happen, and, therefore, I should get a sentence reduction, because that's not what I'm saying at all.

(Sentencing Tr. 14:14–23)

Mr. Hill moves in the alternative to retract his plea of guilty. Post-sentencing, that relief is unavailable except on direct appeal or collateral attack. *See* Fed. R. Crim. P. 11(e). Because Mr. Hill was sentenced on March 15, 2018, any such appeal or Section 2255 motion would be untimely. *See* Fed. R. App. P. 4(b)(1)(A) (14 days to appeal); 28 U.S.C. § 2255 (one year limitations period).[1] Nor do any meritorious grounds appear.

Moreover, Mr. Hill's plea agreement contains a waiver of appeal and collateral attack. (DE 22, Plea Agreement at 5). He reserved the right to

---

[1]     Correction of the clerical error in the Judgment of Conviction did not restart the deadlines. *See De Jesus v. Administrator N.J. State Prison*, 797 F. App'x 703, 705 n.3 (3d Cir. 2020).

withdraw his plea only if the court rejected the Rule 11(c)(1)(C) agreement and did not impose the stipulated sentence of 120 months. That did not occur.

In short, there is nothing to correct; the sentence Mr. Hill has received is the one imposed by the Court. Beyond that, the calculation of sentence credit is a matter for the BOP. I make no ruling as to whether Mr. Hill may have an administrative remedy with the BOP or whether, if the outcome is negative, he may pursue a habeas corpus petition in the Middle District of Pennsylvania, where he is confined.

**ORDER**

**IT IS THEREFORE** this 21st day of August, 2020,

**ORDERED** that the defendant's application (DE 40), construed as a motion for reconsideration of this Court's prior order (DE 38), and in the alternative for withdrawal of defendant's plea of guilty, is **DENIED**.

A copy of this Order shall be mailed to the defendant at his address of record.

/s/ Kevin McNulty

_____

**KEVIN MCNULTY, U.S.D.J.**